Labauve, J.
Plaintiff having obtained judgment against the defendant for one thousand six hundred and sixty-five dollars, with interest and costs, issued a fieri fiadas thereon on the 7th of August, 1865; the following return was made by the sheriff;
“This writ, having expired by limitation of time, is hereby returned not satisfied. ”
“January 22d, 1866.” (signed) “ Ed. Cousinabd, Sheriff. ”
On the 24th of August, 1865, plaintiff filed a petition making appellant, Mrs. Denham, J. A. Stokes and Dr. T. M. Williams, parties garnishees, and propounded interrogatories to each of them, as follows:
1st Interrogatory: Do you or either of you owe the defendant, James Pogue anything? If so, What amount ? and of what does it consist?
2d Interrogatory: Have you, or either of you, in your possession any property, money, notes or rights and credits belonging to said James Pogue, the defendant in this suit ? If so, state what you have.
3d Interrogatory: Have you not two notes in your possession; one for $1,000 principal, drawn by Mrs. Ellen Bovard and endorsed by Elijah A. Dixon, and one for about $300, drawn by J. A. Stokes ?
Mrs. Ellen Bovard, wife of D. E. H. Denham, answered—
To the 1st Interrogatory: It is not to my knowledge, that I owe him anything.
To the 2d Interrogatory: In 1860, I gave Mrs. Elijah Dixon my note for $1,000, due in January, 1862, which Mr. A. Dixon, brother of Elijah Dixon, told me had been traded off to Mr. Pogue.
To the 3d Interrogatory: I have not.
J. A. Stokes answered—
To the 1st Interrogatory:' I am not acquainted with Mr. Pogue, and *196 am not aware that I owe him anything. I have never had any transaction with him.
To the 2d Interrogatory: I have not.
To the 3d Interrogatory: I have not.
Dr. J. M. Williams answered—
To the 1st Interrogatory: I do not.
To the 2d Interrogatory: I have not.
To the 3d Interrogatory: I have not, nor never had.
E. Dixon testified as follows:
I am acquainted with plaintiff and defendant, and with Mrs. Bovard. I sold property to Mrs. Ellen Bovard, wife of B. E. H. Denham; as a part of the price, she gave me mortgage notes as described in the sale; one for $1,000, due in 1861 or 1862. I delivered the note to Pogue. The note traded was the first due as expressed in the act of sale, and identified therewith. I have never been notified that any one else held the note.”
Upon this testimony, and the answers of Mrs. Ellen Bovard, wife of B. E. H. Denham, and garnishee, the Court below was satisfied that plaintiff had made out his case, and gave judgment against said garnishee, in favor of plaintiff, for $1,000, with interest and a mortgage upon the property bought by her from E. Dixon.
The said garnishee appealed.
The act of sale, in evidence, shows that the note of the garnishee was negotiable and endorsed at the time of its execution; and the testimony establishes that it was afterwards negotiated and came in the hands of the defendant, James Pogue; this is the last of it, and no one knows where it is now, acccording to the record. The garnishee owes to any holder of her note and not to James Pogue; that note ¿nay be in the hands of a holder in good faith other than J ames Pogue, and the garnishee would be bound to pay it to such holder, notwithstanding the judgment herein rendered against her in favor of R. T. Denham. This judgment, and the payment thereof, would be no protection to her. See 5 An. 162, 538.
We are clearly of opinion that the judgment appealed from, rendered against the garnishee, is erroneous and must be reversed.
It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed; and it is further ordered and decreed, that the within garnishment be dismissed, and that the appellee, R. T. Denham, pay costs in both courts.